UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DARREN DEON JOHNSON,

        Petitioner,              Case No. 1:24-cv-175

v.                                        Honorable Ray Kent

JEFFREY HOWARD,

        Respondent.
_____/

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2241. In *Rittenberry v. Morgan*, 468 F.3d 331 (6th Cir. 2006), the Sixth Circuit Court of Appeals clarified that "there is really only a single 'gate' to federal habeas relief from state custody," and, thus "*all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to the [Antiterrorism and Effective Death Penalty Act] AEDPA's restrictions[.]" *Id.* at 337 (emphasis in original). That is the case whether Petitioner is attacking "the imposition *or* the execution of [his] sentences." *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (emphasis in original). In the instant petition, Petitioner indicates that he is attacking "the fact and duration of [his] confinement." (Pet., ECF No. 1, PageID.2.) Petitioner avers that he is unlawfully imprisoned because he was "sentence[d] twice for the same offense of first-degree home invasion stem[m]ing from one alleged incident." (*Id.*, PageID.6–7.) Petitioner has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2), and a motion for a preliminary injunction (ECF No. 3).

This is not Petitioner's first habeas corpus action challenging his convictions and sentences, nor is it the first habeas corpus petition challenging the execution of his sentence. On March 22, 2013, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. *See* Pet., *Johnson v. Curtin*, No. 1:13-cv-338 (W.D. Mich.) (ECF No. 1). The petition was denied on January 11, 2017, for failure to raise a meritorious federal claim. *See* Op., Order, and J., *id.* (ECF Nos. 107, 108, 109). Petitioner has twice sought permission from the Sixth Circuit Court of Appeals to file second or successive habeas petitions attacking his convictions and sentences. That court has twice denied permission. *In re: Darren Johnson*, No. 20-1679 (6th Cir. Sept. 14, 2020); *In re: Darren Johnson*, No. 22-1438 (6th Cir. Jul. 7, 2022).

On August 19, 2020, Petitioner filed a petition in this Court challenging the execution of his sentence. *See* Pet., *Johnson v. Burt*, No. 120-cv-800 (W.D. Mich.) (ECF No. 1). Petitioner claimed that the risk of COVID-19 infection rendered his continued imprisonment a violation of his Fifth and Eighth Amendment rights. On September 1, 2020, the Court dismissed the petition without prejudice for failure to exhaust state court remedies. *See* Op., Order, and J., *id.* (ECF Nos. 5, 6, 7).

Undeterred, Petitioner filed another § 2241 petition in this Court on October 7, 2022. *See* Pet., *Johnson v. Nagy*, No. 1:22-cv-936 (W.D. Mich.) (ECF No. 1). In that petition, Petitioner attacked both his convictions and the execution of his sentences. In an order entered on October 17, 2022, the Court noted that Petitioner's petition should be construed as one pursuant to 28 U.S.C. § 2254 and transferred it to the Sixth Circuit for further consideration as a second or successive § 2254 petition. *See* Order, *id.* (ECF No. 5).

Petitioner's current petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28

U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15–17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132–33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner's first habeas action was dismissed on the merits; thus, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the

application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:   October 24, 2024                            /s/ Ray Kent
                                                                  Ray Kent
                                                                  United States Magistrate Judge